**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| SATISH SAINI,<br><br>Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 4:26-cv-01784-DAR<br><br>DISTRICT JUDGE DAVID A. RUIZ<br><br>MAGISTRATE JUDGE<br>REUBEN J. SHEPERD<br><br>**REPORT AND RECOMMENDATION** |

## I. Introduction and Brief Procedural History

On July 30, 2026, Petitioner Satish Saini ("Saini") filed an application for a writ of habeas corpus under 28 U.S.C. § 2241, stating that he has been subject to unlawful immigration detention for over three months at the time of filing, without receiving bond. (ECF Doc. 1, p. 8). He later paid his filing fee and moved the Court to consider his petition on September 29, 2026. (ECF Doc. 7). On October 5, 2026, the matter was referred to me to issue a report and recommended decision, should Respondent oppose the petition. (ECF Doc. 9, p. 2). Respondent opposed, (ECF Doc. 11), and I set a briefing schedule and ordered Respondent, Attorney General Todd Blanche (hereinafter, "Respondent"), to file a Return of Writ. (Non-document entry of October 14, 2026). Respondent has now filed a Notice informing the Court that Saini has been removed. (ECF Doc. 12).

## II. Legal Standard

Section 2241 confers federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2241(c)(3). The Constitution guarantees that, absent suspension, habeas is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004), citing U.S. Const., Art. I, § 9, cl. 2. The writ is established to ensure that the government "does not detain individuals except in accordance with law" and permits all persons to challenge the lawfulness of their confinement, regardless of status. *Hamdi*, 542 U.S. at 525.

Federal district courts are limited in their relief under Section 2241 when considering immigration cases. *See, e.g.*, *Elgharib v. Napolitano*, 600 F.3d 597, 607 (6th Cir. 2010) (finding a district court lacks jurisdiction to consider removal orders); *see also* 8 U.S.C. § 1252(g) (giving the Attorney General of the United States exclusive jurisdiction over removal proceedings). This Court may not grant habeas relief as to the underlying immigration question, *i.e.*, a removal question. *Hamama v. Adducci*, 912 F.3d 869, 876 (6th Cir. 2018) ("Congress stripped the courts of jurisdiction to grant habeas relief in § 1252(g)" for challenges regarding the legality of removal orders). However, the district court may review whether an alien is lawfully detained; the Attorney General's immigration authority[1] does not abrogate Section 2241's authority to grant the writ within these bounds. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (describing habeas corpus as the appropriate remedy to determine the legality of a person's custody). To that end, this Court may still interpret immigration statutes applied against a petitioner to discern whether detention is lawful or not. *See id.*

---

[1] Although authority is statutorily vested in the Attorney General, immigration enforcement, and administration functions were transferred to the Secretary of Homeland Security by the Homeland Security Act of 2002. Pub. L. No. 107-296, 116 Stat. 2135 (2002). However, the Attorney General's discretionary detention authority under § 1226(a), delegated to immigration judges, "is shared with [DHS] because officials of that department make the initial determination whether an alien will remain in custody during removal proceedings." *Matter of D-J-*, 23 I. & N. Dec. 572, 574 n.3 (A.G. 2003).

## III. Discussion

In his Petition,[2] which he names against only against Todd Blanche, Attorney General of the United States, Saini asserts he "has been detained for over three months without the right to receive a bond." (ECF Doc. 1, p. 7). Nonspecifically, he asserts that according to "U.S. Immigration laws [he] has a right to receive a bond as an Immigrant detainee." (*Id.*). He requests this Court award him a cash bond promptly by an Immigration Judge ("IJ"), as soon as possible, considering his burdens. (*Id.*).

In his Notice of Intent to Oppose Petition, Respondent asserts he is not the proper respondent, because in this context, the proper respondent is Matthew Putra, Field Office Director of Enforcement and Removal Operations. (ECF Doc. 11, p. 1, n.1). Respondent also asserts that Saini appeared before an IJ and was granted a voluntary departure on April 9, 2026; he was ordered to depart the United States on or before May 11, 2026. (*Id.* at p. 1; *see also* ECF Doc. 11-1, p. 1). At that time, he waived appeal. (ECF Doc. 11-1, p. 3). Although he later attempted to appeal his voluntary departure on May 11, the Board of Immigration Appeals ("BIA") summarily dismissed the appeal on June 5 and affirmed on July 17, 2026. (*Id.* at pp. 3-8). Respondent states that Saini has been detained for over 150 days since his removal order became final; now that all pending appeals have been resolved, there are no impediments to Saini's imminent removal. (ECF Doc. 11, p. 2). According to Respondent, on October 22, 2026, Saini was removed from the United States, and his habeas petition is now moot. (ECF Doc. 12, p. 1).

---

[2] Saini disregards the form response requested in Grounds One through Three of his petition and instead provides narrative of his and his family's circumstances prior to his detention. (*See* ECF Doc. 1, p. 6). Only in Ground Four does he list a justiciable ground; I therefore limit my review to Ground Four only. (*Id.* at p. 7).

A petitioner's removal after filing of a habeas petition does not deprive a district court of jurisdiction, nor does it automatically moot the claims in the petition. *United States v. Garcia-Echaverria*, 374 F.3d 440, 450 (6th Cir. 2004). However, "for a court to exercise habeas jurisdiction, the petitioner must demonstrate he was in custody at the time he filed the petition and his release did not render the petition moot." *Xu Guangshi v. Holder*, No. 1:11 CV 1408, 2011 WL 5361050, at *1 (N.D. Ohio Nov. 4, 2011) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). There is no question that Saini was in custody when he filed his petition, so that much is satisfied. But under the facts present here, Saini's removal on October 22 moots his petition.

"The jurisdiction of federal courts is limited to actual, ongoing controversies between litigants," which "must exist at all stages of review." *Enazeh v. Davis,* 107 F. App'x 489, 491 (6th Cir. 2004) (internal quotations and marks omitted). "A petition is therefore not moot if the petitioner suffers from a 'concrete and continuing injury' that is a collateral consequence of the detention and if the injury can be remedied by obtaining a writ of habeas corpus." *Thabet v. Adducci*, No. 4:18 CV 611, 2018 WL 4271044, at *3 (N.D. Ohio July 23, 2018), *report and recommendation adopted*, No. 4:18 CV 611, 2018 WL 4266050 (N.D. Ohio Sept. 6, 2018) (quoting *Spencer*, 523 U.S at 7). But "[m]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief," unless an exception exists (which is not present here). *Id.*

Indefinite detention after a final order of removal is impermissible and infringes on an alien's Due Process rights. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). But detention during the removal period is not unlawful, and bond is not required. 8 U.S.C. §§ 1231(a)(1)(A), (a)(2) (describing that an alien "shall" be detained during the 90-day period after a final order of removal). Detention after a final order of removal is presumptively reasonable for six months.

*Zadvydas*, 533 U.S. at 701. For continued detention pending removal to become unlawful under *Zadvydas*, it must be longer than six months after a final order of removal, and there must be no significant likelihood that removal would occur in the reasonably foreseeable future. *Id.* at 699-702. Removal has occurred, and within the time frame contemplated by statute and in *Zadvydas*. As such, there is no longer a justiciable controversy, and in any event, the court cannot provide the relief sought in the petition. The petition is therefore moot. *See Thabet*, No. 4:18 CV 611, 2018 WL 4271044, *3-4 (stating, "once a § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention becomes moot due to a lack of live case or controversy." and dismissing the case for lack of subject-matter jurisdiction where the petitioner was no longer in custody); *Yaser v. ICE Detroit, MI 48226*, No. 4:26-CV-00756-PAB, 2026 WL 1835511, at *1 (N.D. Ohio June 25, 2026) (also holding that removal mooted the request for relief and the court lacked subject matter jurisdiction over the petition).

Saini's petition challenged his continued detention, and he requested release on bond. (ECF Doc. 1). However, as Respondent provided in its earlier exhibits, Saini agreed to voluntary depart in April, and was ordered to do so no later than May 11, 2026. (ECF Doc. 11-1). He did not timely depart the United States and remained in detention while his later appeal was pending. (*See id*). Saini's order became administratively final when the BIA affirmed Saini's voluntary departure decision on July 17, 2026. (ECF Doc. 11-2, pp. 7-8; see also 8 U.S.C. § 1231(a)(1)). He was removed 97 days later, on October 22, 2026. (ECF Doc. 12). Because he has been removed from the United States, the court cannot grant him his requested relief, and the petition is therefore moot. *See Enazen*, 107 F. App'x at 491 (finding the petitioner's deportation mooted his request to be released from detention because the court could no longer grant that relief); *see*

*also Xu Guangshi*, No. 1:11 CV 1408, 2011 WL 5361050, at *1 (same); *Gomez-Gomez v. Raycraft*, No. 3:26-CV-1041, 2026 WL 1638980, at *1 (N.D. Ohio June 5, 2026) (dismissing the petition for lack of jurisdiction under similar reasoning).

Saini's removal has mooted his request for relief. There is no live case or controversy remaining between the parties. And, without Saini being "in custody" for purposes of habeas relief under § 2241, this Court lacks subject matter jurisdiction[3] over the petition. I therefore recommend the District Court dismiss the petition for lack of jurisdiction.

## IV. Recommendation

Because Petitioner has been removed from the United States and is no longer in custody, the relief he requests is moot and the Court lacks jurisdiction over the petition. I therefore recommend the petition be dismissed for lack of subject matter jurisdiction.

Dated: October 30, 2026

Reuben J. Sheperd
United States Magistrate Judge

---

## Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28

[3] Personal jurisdiction may also be lacking here. Because I recommend the Court dismiss Saini's petition on other grounds, I do not reach the question of whether Todd Blanche is the proper respondent in this matter. However, I note that the Sixth Circuit has held that the Attorney General is not the proper respondent for an immigrant detainee's habeas petition because they are not the person's immediate custodian. *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003). A court only has jurisdiction to issue the writ if it also has personal jurisdiction over the petitioner's custodian. *Id.*

U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entire report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).